1 ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2 MONIQUE C. WINKLER (Cal. Bar No. 213031)
  BERNARD B. SMYTH (Cal. Bar No. 217741)
3   SmythB@sec.gov
  REBECCA LUBENS (Cal. Bar No. 240683)
4   LubensR@sec.gov

5 Attorneys for Plaintiff
  SECURITIES AND EXCHANGE COMMISSION
6 44 Montgomery Street, Suite 2800
  San Francisco, CA 94104
7 Telephone: (415) 705-2500
  Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-04164-MMC |
|---|---|
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| THE ESTATE OF KENNETH J. CASEY, | |
| Defendant. | Date: October 8, 2021<br>Time: 10:30 a.m.<br>Location: Courtroom 7, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br><br>Judge: Maxine M. Chesney |

Pursuant to Civil Local Rule 16-9 and the Court's Case Management Conference Order (ECF 11), Plaintiff Securities and Exchange Commission (the "Commission" or the "SEC") and Defendant The Estate of Kenneth J. Casey submit this Joint Case Management Statement and Proposed Order.

### 1. Jurisdiction and Service:

This Court has jurisdiction over the SEC's claims, all brought under the federal securities laws, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 "(Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa]. No issues have been raised regarding personal jurisdiction or venue. Defendant has been served with the Complaint. Pursuant to stipulation between the parties, Defendant's response to the Complaint is due on December 6, 2021. (ECF 12.)

### 2. Facts:

The SEC's Complaint alleges that, from at least June 2011 until his death in May 2020, Kenneth J. Casey, the founder of Professional Financial Investors, Inc. ("PFI"), a real estate investment and management company in Marin County, California, misappropriated $10,317,933 from investors as part of a larger fraudulent scheme in which hundreds of millions of dollars were raised from more than 1,300 investors in PFI and related entities. According to the SEC's allegations, Casey made false and misleading statements to solicit investors and sell securities issued by PFI and related entities. The SEC alleges that Casey falsely told investors, among other things, that their money would be primarily used to invest in multi-unit residential and commercial real estate to be managed by PFI. Instead, the SEC alleges, a significant portion of investor funds was used in a Ponzi-like fashion to pay existing investors.

### 3. Legal Issues:

The SEC has alleged fraud in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. At this stage, it is not clear which elements of the causes of action may raise legal issues.

**4.   Motions:**

No motions have been filed in this matter. The parties do not have currently anticipate the filing of any motions.

**5.   Amendment of Pleadings:**

Although the SEC does not currently anticipate amendment of the complaint, the parties propose that any amendment of pleadings be completed by March 18, 2022.

**6.   Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding steps to preserve evidence. The Commission has taken measures to preserve all documents it obtained during the investigation preceding the filing of this case. In addition, the Commission has instituted its procedures for preserving other records that could be requested, even if they are not likely to become evidence in this case. Defendant has also taken measures to preserve documents and other records that may be requested.

**7.   Disclosures:**

Initial disclosures are scheduled to be made on or before October 1, 2021, per the Court's Case Management Conference Order (ECF 11). As part of its initial disclosures, the Commission will provide the name of each individual likely to have discoverable information that the SEC may use to support its claims. The Commission will also provide a description by category and location of all documents, electronically stored information, and tangible things that the SEC has in its possession, custody, or control and may use to support its claims.

**8.   Discovery:**

The parties have met and conferred regarding the scope of discovery and a discovery schedule. The parties have not taken discovery to date. The parties do not anticipate any discovery beyond that provided in the normal course pursuant to the Federal Rules of Civil Procedure. The parties are not currently aware of any anticipated discovery disputes.

The parties propose the following discovery schedule:

| Discovery | Deadline for Completion |
| --- | --- |
| Fact discovery | September 10, 2022 |

| | |
|---|---|
| Expert disclosures (designation of experts in accordance with Federal Rule of Civil Procedure 26(a)(2)) | October 14, 2022 |
| Expert discovery | December 16, 2022 |

**9.   Class Actions:**

Not applicable.

**10.   Related Cases:**

On August 24, 2021, the Court entered an order finding this action related to *SEC v. Wallach*, Case No. 20-cv-06756-MMC. Related Case Order (ECF 9).

On October 14, 2020, the Court entered an order in the *SEC v. Wallach* matter finding that action related to *U.S. v. Wallach*, Case No. 20-cr-00365-MMC. *See SEC v. Wallach*, Case No. 20-cv-06756-MMC, Related Case Order (ECF 15).

On February 16, 2021, a probate proceeding entitled *Estate of Kenneth J. Casey*, Case No. PRO 21000392, was opened in Superior Court of California, County of Marin. On June 21, 2021, Caron Schmierer was appointed personal representative for the Estate of Kenneth J. Casey.

On July 16, 2020, certain creditors of Professional Investors Security Fund, Inc. ("PISF"), an affiliate of PFI and one of the issuers of certain of the securities offered and sold as part of the securities offering that is the subject of the SEC's allegations in this case, filed an involuntary Chapter 11 bankruptcy petition against PISF. *In re Professional Investors Security Fund, Inc.*, Case No. 20-30579 (Bankr. N.D. Cal.). On July 26, 2020, PFI filed a voluntary Chapter 11 bankruptcy petition. *In re Professional Financial Investors, Inc.*, Case No. 20-30604 (Bankr. N.D. Cal.). On July 27, 2020, the Bankruptcy Court granted PFI's motion requesting the joint administration of PFI's bankruptcy case and PISF's bankruptcy case. In addition, on November 20, 2020, PFI filed involuntary Chapter 11 petitions against 29 affiliated entities.

The parties do not intend to file a motion to consider whether the bankruptcy proceedings should be related to this matter. Although the bankruptcy proceedings concern some of the same transactions and events (*e.g.*, the securities issued by PFI and related entities), Defendant is not a party to the proceedings, and the bankruptcy proceedings involve a number of parties that are not

parties to this case. It does not appear likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

The parties are not aware of any other related actions as defined by Civil Local Rule 3-12(a).

**11.     Relief:**

The Commission seeks disgorgement of ill-gotten gains in the amount of $10,317,933, plus prejudgment interest in the amount of $1,616,929 thereon. The Commission does not seek damages.

The SEC asserts that Congress's recent amendment to the statute of limitations for certain claims by the SEC for disgorgement applies to this case. On January 1, 2021, Congress enacted Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 ("NDAA"). Among other provisions, that statute amends Section 21(d) of the Exchange Act, by establishing a 10-year statute of limitations for SEC disgorgement claims based on certain securities law violations, including claims under Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], Securities Act Section 17(a)(1) [15 U.S.C. § 77q(a)(1)], and "any other provision of the securities laws for which scienter must be established." NDAA, Section 6501(a)(3), to be codified at 15 U.S.C. § 78u(d)(8)(A)(ii). The NDAA also established a 10-year statute of limitations for SEC claims for other equitable relief such as injunctions and bars. *Id.*, to be codified at 15 U.S.C. § 78u(d)(8)(B). The NDAA provides that its provisions "shall apply with respect to any action or proceeding that is pending on, or commenced on or after, the date of enactment of this Act." NDAA, Section 6501(b).

**12.     Settlement and ADR:**

The parties propose as the ADR plan for this case a settlement conference before a Magistrate Judge. The parties believe that ADR efforts will be most efficiently pursued following the December 6, 2021 deadline for Defendant to respond to the Complaint.

**13.     Consent to a Magistrate Judge for All Purposes:**

The parties have not consented to a magistrate judge.

**14.     Other Reference:**

No other reference appears suitable at this time.

**15.    Narrowing of Issues:**

The parties are not aware at this time of any issues that would be appropriate for narrowing by agreement or motion. The parties do not currently have any requests to bifurcate issues, claims, or defenses.

**16.    Expedited Trial Procedure:**

The parties do not all agree that the Expedited Trial Procedure of General Order No. 64 would be appropriate for this case.

**17.    Scheduling:**

The parties propose the following dates for scheduling in this case:

| Event | Date or Deadline |
|---|---|
| Last Day to Amend Pleadings or Add Parties | March 18, 2022 |
| Fact Discovery Cutoff | September 10, 2022 |
| Initial Expert Reports and Disclosures | October 14, 2022 |
| Rebuttal Expert Reports | November 18, 2022 |
| Expert Discovery Cutoff | December 16, 2022 |
| Last Day to Hear Dispositive Motions | March 17, 2023 |
| Pretrial Conference | May 16, 2023 |
| Trial | June 5, 2023, or as soon thereafter as the Court's schedule allows |

**18.    Trial:**

The parties anticipate approximately 7-10 court days of trial (excluding jury deliberations).

**19.    Disclosure of Non-party Interested Entities or Persons:**

Under Local Civil Rule 3-15(a), the SEC is not required to file a certification.

**20.     Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 1, 2021                                   Respectfully submitted,

                                                                    */s/ Bernard B. Smyth*
                                                                    Bernard B. Smyth
                                                                    Attorney for Plaintiff
                                                                    SECURITIES AND EXCHANGE
                                                                    COMMISSION


                                                                    */s/ Robert F. Epstein*
                                                                    Robert F. Epstein
                                                                    Attorney for Defendant
                                                                    THE ESTATE OF KENNETH J. CASEY


## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____                              _____
                                                                    Hon. Maxine M. Chesney