Hon. Donna M. Ryu  October 29, 2021
Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

**Re:** *SEC v. Wallach*, **Case No. 20-cv-06756-MMC and** *SEC v. The Estate of Kenneth J. Casey*, **Case No. 21-cv-04164-MMC**

Dear Judge Ryu,

Pursuant to the Court's October 25, 2021 Order (ECF 39 in *SEC v. Wallach*; ECF 18 in *SEC v. The Estate of Kenneth J. Casey*), the parties in the two above-captioned cases hereby submit this joint letter regarding whether the two cases should proceed on combined or separate settlement tracks. For the reasons described below, the parties believe that the two cases should proceed on separate settlement tracks.

### SEC v. Wallach

On September 29, 2020, the Securities and Exchange Commission ("SEC" or "Commission") filed a complaint against Lewis Wallach alleging that, from at least September 2015 through May 2020, he misappropriated more than $26 million from investors as part of a larger fraudulent scheme in which approximately $330 million was raised from more than 1,300 investors in Professional Financial Investors, Inc. ("PFI"), a real estate investment and management company in Marin County, and other related entities.

The Commission reached a partial settlement with Wallach, which the Court approved on October 15, 2020. (ECF 16.) The bifurcated settlement resolved liability and the injunctive relief sought by the Commission. The only remaining issues to be decided are the amounts of (a) disgorgement, plus prejudgment interest thereon, and (b) civil monetary penalty. The SEC has a deadline of April 15, 2022 to file its Motion to Determine Amounts of Disgorgement and Civil Monetary Penalties. (ECF 35.)

A related criminal case is currently pending before the Court. *U.S. v. Wallach*, Case No. 20-cr-00365-MMC. In that case, Wallach pled guilty to wire fraud and conspiracy to commit wire fraud and, on September 22, 2021, the Court sentenced Wallach to 12 years imprisonment. (ECF 43 in *US v. Wallach*.) A restitution hearing is set for December 8, 2021. (*Id.*)

The parties to the *SEC v. Wallach* matter agree that Wallach's criminal sentencing, including any ultimate restitution ordered, may have a significant impact on final resolution of this matter and may obviate the need for a settlement conference or the SEC's Motion to Determine Amounts of Disgorgement and Civil Monetary Penalties. In contrast, the litigation and resolution of the SEC's action against The Estate of Kenneth J. Casey is unlikely to have any bearing on the ultimate resolution of the SEC's action against Wallach.

As all that remains at issue in the SEC's case against Wallach are the amounts of disgorgement and civil monetary penalty to be ordered and as that remaining relief is likely to be significantly impacted by Wallach's criminal sentencing while being unaffected by the SEC's action against The Estate of Kenneth J. Casey, the parties believe that the *SEC v. Wallach* matter should be kept on a separate settlement track from the *SEC v. The Estate of Kenneth J. Casey* matter.

### SEC v. The Estate of Kenneth J. Casey

On June 2, 2021, the SEC filed a complaint against The Estate of Kenneth J. Casey ("Casey Estate"). The SEC alleged that, from at least June 2011 until his death in May 2020, Kenneth J. Casey, the founder of PFI, misappropriated $10,317,933 from investors as part of the same larger fraudulent scheme that was the basis of the SEC's complaint against Wallach. The SEC's complaint seeks an order requiring the Casey Estate to disgorge ill-gotten gains in the amount of $10,317,933, together with prejudgment interest in the amount of $1,616,929 thereon. Pursuant to stipulation between the parties in the *SEC v. The Estate Kenneth J. Casey* matter, the defendant's response to the SEC's complaint is due on December 6, 2021. (ECF 12.)

On August 24, 2021, the Court entered a Related Case Order finding *SEC v. Wallach* and *SEC v. The Estate of Kenneth J. Casey* related. (ECF 38 in *Wallach*; ECF 9 in *The Estate of Kenneth J. Casey*). Although the cases are related and arise from the same fraudulent scheme, the cases have distinctly different procedural postures. As described above, the SEC's action against Wallach has been partially resolved and the remaining issues in that case are likely to be significantly impacted by Wallach's criminal sentencing. In contrast, the SEC's action against the Casey Estate is focused on obtaining disgorgement of ill-gotten gains from the probate estate of PFI's now deceased founder and the deadline for the Casey Estate to file a response to the SEC's complaint is more than a month away.

The resolution of the remaining issues in the SEC's action against Wallach is unlikely to have any bearing on the litigation or resolution of the SEC's action against the Casey Estate. Therefore, the parties agree that the *SEC v. Wallach* matter should be kept on a separate settlement track from the *SEC v. The Estate of Kenneth J. Casey* matter.

Respectfully submitted,

By: */s/ Bernard B. Smyth*
Bernard B. Smyth
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION

By: */s/ Edward W. Swanson*
Edward W. Swanson
Attorney for Defendant
LEWIS WALLACH

By: */s/ Robert F. Epstein*
Robert F. Epstein
Attorney for Defendant
THE ESTATE OF KENNETH J. CASEY