ROBERT F. EPSTEIN (SBN 154373)
rob@epholtzlaw.com
MELISSA N. MEGOWAN (SBN 331742)
mmegowan@epholtzlaw.com
EPSTEIN + HOLTZAPPLE LLP
369-B Third Street #182
San Rafael, CA 94901
Telephone: (628) 240-3854
Facsimile: (628) 240-3773

Attorneys for CARON SCHMIERER
Personal Representative of the Estate of Kenneth J. Casey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF KENNETH J. CASEY,<br><br>Defendant. | Case No. **21-cv-04164-MMC**<br><br>**ANSWER TO COMPLAINT** |

Responding Party CARON SCHMIERER, the duly appointed Personal Representative of the Estate of Kenneth J. Casey, hereby answers the Complaint filed by the SECURITIES AND EXCHANGE COMMISSION as follows:

1. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies them.

2. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 2 of the Complaint and, on that basis, denies them.

3. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies them.

4. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 4 of the Complaint and, on that basis, denies them.

5. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies them.

6. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies them.

7. Responding Party admits the allegations set forth in paragraph 7 of the Complaint.

8. Responding Party admits the allegation set forth in paragraph 8 of the Complaint.

9. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies them.

10. Responding Party admits the allegation set forth in paragraph 10 of the Complaint.

11. Responding Party admits the allegation set forth in paragraph 11 of the Complaint.

12. In response to the allegations set forth in paragraph 12 of the Complaint, Responding Party admits that the Estate of Kenneth J. Casey is the successor in interest to Kenneth J. Casey, who died on May 6, 2020. Responding Party lacks information or belief sufficient to admit or deny the remaining allegations set forth in paragraph 12 of the Complaint and, on that basis, denies them.

13. Responding Party admits the allegation set forth in paragraph 13 of the Complaint.

14. Responding Party admits the allegation set forth in paragraph 14 of the Complaint.

15. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 15 of the Complaint and, on that basis, denies them.

16. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies them.

17. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies them.

18. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies them.

19. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies them.

20. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies them.

21. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies them.

22. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 22 of the Complaint and, on that basis, denies them.

23. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 23 of the Complaint and, on that basis, denies them.

24. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 24 of the Complaint and, on that basis, denies them.

25. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 25 of the Complaint and, on that basis, denies them.

26. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 26 of the Complaint and, on that basis, denies them.

27. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 27 of the Complaint and, on that basis, denies them.

28. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint and, on that basis, denies them.

29. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies them.

30. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 30 of the Complaint and, on that basis, denies them.

31. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies them.

32. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies them.

33. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 33 of the Complaint and, on that basis, denies them.

34. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 34 of the Complaint and, on that basis, denies them.

35. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 35 of the Complaint and, on that basis, denies them.

36. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 36 of the Complaint and, on that basis, denies them.

37. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 37 of the Complaint and, on that basis, denies them.

38. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 38 of the Complaint and, on that basis, denies them.

39. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 39 of the Complaint and, on that basis, denies them.

40. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 40 of the Complaint and, on that basis, denies them.

41. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 41 of the Complaint and, on that basis, denies them.

42. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 42 of the Complaint and, on that basis, denies them.

43. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 43 of the Complaint and, on that basis, denies them.

44. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 44 of the Complaint and, on that basis, denies them.

45. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 45 of the Complaint and, on that basis, denies them.

46. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 46 of the Complaint and, on that basis, denies them.

47. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 47 of the Complaint and, on that basis, denies them.

48. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 48 of the Complaint and, on that basis, denies them.

49. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 49 of the Complaint and, on that basis, denies them.

50. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 50 of the Complaint and, on that basis, denies them.

51. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 51 of the Complaint and, on that basis, denies them.

52. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 52 of the Complaint and, on that basis, denies them.

53. Responding Party re-alleges and incorporates by reference paragraphs 1 through 52 of this Answer.

54. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 54 of the Complaint and, on that basis, denies them.

55. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 55 of the Complaint and, on that basis, denies them.

56. Responding Party lacks information or belief sufficient to admit or deny the allegations set forth in paragraph 56 of the Complaint and, on that basis, denies them.

//

## AFFIRMATIVE DEFENSES

57. As a First Affirmative Defense, Responding Party asserts that Plaintiff SECURITIES AND EXCHANGE COMMISSION has not complied with the creditor claims requirements set forth in California Probate Code Section 9002.

58. As a Second Affirmative Defense, Responding Party assets that the claims alleged in the Complaint are barred by the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Responding Party respectfully requests that this Court:

1. That Plaintiff take nothing by reason of its Complaint;
2. That judgment be entered in favor of Responding Party;
3. That Responding Party be awarded her costs of suit in this action; and
4. For such other and further relief as the Court may deem just and proper.

Dated: December 6, 2021       EPSTEIN + HOLTZAPPLE LLP

By: _____
Robert F. Epstein

Attorneys for Responding Party
CARON SCHMIERER, Personal Representative of the Estate of Kenneth J. Casey