MONIQUE C. WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
  SmythB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ESTATE OF KENNETH J. CASEY,<br><br>    Defendant. | Case No. 21-cv-04164-MMC<br><br>STIPULATION TO ENTER FINAL JUDGMENT; CONSENT OF DEFENDANT THE ESTATE OF KENNETH J. CASEY; [PROPOSED] FINAL JUDGMENT |

**<u>STIPULATION</u>**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") and Defendant The Estate of Kenneth J. Casey (together, "the Parties"), by and through their respective counsel of record, hereby agree and stipulate as follows:

WHEREAS, on June 2, 2021, the SEC filed its Complaint in this action (Dkt. No. 1), seeking an order requiring Defendant The Estate of Kenneth J. Casey ("Casey Estate") to pay $10,317,933 in disgorgement plus prejudgment interest thereon in the amount of $1,616,929;

WHEREAS, on February 16, 2021, a probate proceeding entitled *Estate of Kenneth J. Casey*, Case No. PRO 2100392 was opened in Superior Court of California, County of Marin (the "Probate Matter");

WHEREAS, on January 30, 2023, the court in the Probate Matter entered a Conditional Order of final distribution, which was amended on March 30, 2023;

WHEREAS, pursuant to the Amended Conditional Order in the Probate Matter, the Casey Estate must pay all proceeds of the estate (after the deduction of statutory and other fees for the personal representative of the estate and her counsel) to the PFI Trust, a liquidation trust that was established in connection with the Chapter 11 Bankruptcy of Professional Financial Investors, Inc. (*In re Professional Financial Investors, Inc.*, Case No. 20-30604 (Bankr. N.D. Cal. Jul. 26, 2020);

WHEREAS, the remaining proceeds of the Casey Estate to be distributed to the PFI Trust pursuant to the Amended Conditional Order in the Probate Matter is expected to be in an amount slightly greater than $1,500,000;

WHEREAS, the distribution of the remaining proceeds of the Casey Estate to the PFI Trust as required by the Amended Conditional Order in the Probate Matter will benefit defrauded investors in PFI, who are the primary beneficiaries of the PFI Trust;

WHEREAS, the Amended Conditional Order in the Probate Matter is conditioned on resolution of the SEC's case against The Estate of Kenneth J. Casey;

WHEREAS, the Casey Estate has entered into a Consent (attached as Exhibit A) in which it agrees to the entry of a final judgment which, among other things, orders the Casey Estate to pay disgorgement in the amount of $10,317,933, plus prejudgment interest thereon in the amount of $1,616,929, which amounts shall be deemed satisfied by the Casey Estate's distribution of $1,500,000 to the PFI Trust as required by the Amended Conditional Order in the Probate Matter;

WHEREAS, the Parties have filed herewith a proposed Final Judgment in the form agreed to pursuant to the Casey Estate's Consent;

WHEREFORE, the Parties stipulate to, and respectfully request that the Court enter, the proposed Final Judgment filed herewith.

STIPULATED AND AGREED TO BY:

Dated: April 17, 2023

*/s/ Bernard B. Smyth*
Bernard B. Smyth
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

Dated: April 17, 2023

*/s/ Elizabeth Serres*
Elizabeth Serres
Attorney for Defendant
THE ESTATE OF KENNETH J. CASEY

# EXHIBIT A

# Consent and Final Judgment

MONIQUE C. WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
SmythB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-04164-MMC |
| Plaintiff, | CONSENT OF DEFENDANT THE ESTATE OF KENNETH J. CASEY |
| v. | |
| THE ESTATE OF KENNETH J. CASEY, | |
| Defendant. | |

1. Defendant The Estate of Kenneth J. Casey ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein paragraph 10 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay disgorgement in the amount of $10,317,933, plus prejudgment interest thereon in the amount of $1,616,929, which amounts shall be deemed satisfied by Defendant's distribution of $1,500,000 to Michael Goldberg, Trustee of the PFI Trust as set forth in the January 30, 2023 Conditional Order of final distribution in *In the Matter of The Estate of Kenneth J. Casey*, Case No. PRO 2100392, Superior Court of California, County of Marin, as amended on March 30, 2023, no later than one hundred twenty (120) calendar days after entry of the Final Judgment. Defendant agrees to transmit photocopies of evidence, acceptable to the Commission staff, of any distribution Defendant makes to the Trustee of the PFI Trust no later than five (5) business days after such distribution.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to the Defendant of its terms and conditions.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take

any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 04/07/2023

The Estate of Kenneth J. Casey

By: Caron Schmierer
Solely in her capacity as Personal Representative of The Estate of Kenneth J. Casey

Approved as to form:

By: Elizabeth Serres, Esq.
Epstein Holtzapple Christo LLP
369-B 3d St. #182
San Rafael, CA 94901
(628) 240-3854
Email: elizabeth@ehc.law

Counsel for Defendant

Dated: April 7, 2023

MONIQUE C. WINKLER (Cal. Bar No. 213031)
BERNARD B. SMYTH (Cal. Bar No. 217741)
 SmythB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 21-cv-04164-MMC |
| Plaintiff, | FINAL JUDGMENT |
| v. | |
| THE ESTATE OF KENNETH J. CASEY, | |
| Defendant. | |

**FINAL JUDGMENT AS TO DEFENDANT THE ESTATE OF KENNETH J. CASEY**

The Securities and Exchange Commission having filed a Complaint and Defendant The Estate of Kenneth J. Casey having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement in the amount of $10,317,933, plus prejudgment interest thereon in the amount of $1,616,929, which amounts shall be deemed satisfied by Defendant's distribution of $1,500,000 to Michael Goldberg, Trustee of the PFI Trust as set forth in the January 30, 2023 Conditional Order of final distribution in *In the Matter of The Estate of Kenneth J. Casey*, Case No. PRO 2100392, Superior Court of California, County of Marin, as amended on March 30, 2023, no later than one hundred twenty (120) calendar days after entry of the Final Judgment. Defendant agrees to transmit photocopies of evidence, acceptable to the Commission staff, of any distribution Defendant makes to the Trustee of the PFI Trust no later than five (5) business days after such distribution.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE